```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


DIXIE MAYHEW,                    )
                                 )
               Plaintiff,        )
                                 )
vs.                              )     Case No. 06-1368-MLB
                                 )
MICHAEL J. ASTRUE,[1]            )
Commissioner of                  )
Social Security,                 )
                                 )
               Defendant.        )
_____)
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. On August 24, 2005, the administrative law judge (ALJ), Melvin Werner, found that plaintiff did not have a severe impairment at step two, and thus was not disabled at any time through December 2000, the date last insured (R. at 26-31). On July 15, 2007, plaintiff filed her brief (Doc. 15). On September 17, 2007, the defendant filed a motion to reverse and

---

[1]On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1

remand for further hearing (Doc. 19-20). On November 28, 2007, plaintiff filed her response to defendant's motion, agreeing that the case should be reversed and remanded for further hearing, but requesting that the remand order direct the Commissioner to address some additional issues when the case is remanded (Doc. 25). Defendant was given until December 14, 2007 to file a reply to plaintiff's response brief, but defendant did not file a reply objecting to plaintiff's request that additional issues be addressed when the case is remanded.

In their motion to reverse and remand for further hearing, defendant stated the following:

> Upon receiving the Court's order reversing and remanding this case, the Appeals Council will remand Plaintiff's case to an ALJ. The ALJ will be directed to further consider the evidence provided by Dennis Knight, D.O., Plaintiff's treating physician, including his disability assessments. In doing so, the ALJ should specifically consider whether the evidence demonstrates that Plaintiff's fibromyalgia was a severe impairment during the relevant period. The ALJ will then proceed as necessary in the sequential evaluation process.

(Doc. 20 at 2). Plaintiff agrees that the case should be reversed and remanded for the reasons set forth above. The court finds that this case should be reversed and remanded for further hearing in order to determine whether plaintiff's fibromyalgia and/or myositis was a severe impairment during the relevant period.

Plaintiff, however, argues that other errors by the ALJ should also be addressed when this case is remanded. The ALJ's decision stated that Dr. Knight saw the plaintiff 5 times from 1997-1999 and 3 times in 2000 (R. at 29). However, plaintiff cites to Dr. Knight's records indicating that Dr. Knight saw plaintiff 18 times from 1997-1999 and 4 times in 2000 (Doc. 15-3 at 5-6). This represents a serious misstatement of the record by the ALJ. Upon remand, the ALJ shall carefully examine all of the medical records, including those of Dr. Knight. The ALJ shall also reexamine plaintiff's sinusitis and the opinion of Dr. Knight that this impairment would result in two or three days of absence each month (R. at 527)[2] in light of all of the evidence and the fact that the frequency of treatment with Dr. Knight was far greater than that reported by the ALJ.

Upon remand, the ALJ shall address all of plaintiff's impairments identified by Dr. Knight, including irritable bowel syndrome with abdominal pain, depression, anxiety, headaches, chronic recurrent sinusitis and fibromyalgia or myositis (R. at 526). The ALJ shall review all the evidence regarding these impairments and make a finding as to whether these impairments or combination of impairments constitutes a severe impairment.

---

[2]The ALJ will also need to address the opinion of Dr. Knight that "[a]dding her exacerbations of pain from the fibromyalgia, she would have at least three days, and likely more, of work absence per month" (R. at 527).

The ALJ found that Dr. Knight's opinions regarding plaintiff's impairments and limitations are not supported by the medical records.  In Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004) the court held that if the ALJ concluded that the treatment provider failed to provide sufficient support for his conclusions about plaintiff's limitations, the severity of those limitations, the effect of those limitations on her ability to work, or the effect of prescribed medication on her ability to work, the ALJ should have recontacted the treatment provider for clarification of his opinion before rejecting them.  366 F.3d at 1084.  In addition, SSR 96-5p states the following:

> Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

1996 WL 374183 at *6.  Thus, on remand, the ALJ should consider recontacting Dr. Knight in order to clarify the reasons for his opinions.  If Dr. Knight is not recontacted, the ALJ shall explain the factual and legal basis for not recontacting him. Mandeville v. Astrue, Case No. 07-1002-WEB, Doc. 13 at 9-10; 2007 WL 4322777 at *4 (D. Kan. Dec. 10, 2007).

The court would remind the parties of the case law governing a step two determination.  The burden of proof at step two is on

the plaintiff.  See Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993)(the claimant bears the burden of proof through step four of the analysis).  A claimant's showing at step two that he or she has a severe impairment has been described as "de minimis." Hawkins v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997); see Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988)("de minimis showing of medical severity").  A claimant need only be able to show at this level that the impairment would have more than a minimal effect on his or her ability to do basic work activities.[3]  Williams,844 F.2d at 751.  However, the claimant must show more than the mere presence of a condition or ailment.  If the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities, the impairments do not prevent the claimant from engaging in substantial work activity.  Thus, at step two, the ALJ looks at the claimant's impairment or combination of impairments only and determines the impact the impairment would have on his or her

---

[3] Basic work activities are "abilities and aptitudes necessary to do most jobs," 20 C.F.R. § 404.1521(b)[416.921(b)], including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgement, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." Social Security Ruling 85-28, 1985 WL 56856 at *3.  Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004).

ability to work. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).

A claimant must provide medical evidence that he or she had an impairment and how severe it was during the time the claimant alleges they were disabled. 20 C.F.R. § 404.1512(c), § 416.912(c). The evidence that a claimant has an impairment must come from acceptable medical sources including licensed physicians or psychologists. 20 C.F.R. § 404.1513(a), § 416.913(a). Evidence from other medical sources, including therapists, nurse-practitioners, and physicians' assistants, may be used to show the severity of an impairment and how it affects the ability to work. 20 C.F.R. § 404.1513(d)(1), § 416.913(d)(1).

In Newell v. Commissioner of Social Security, 347 F.3d 541, 546-547 (3rd Cir. 2003), the court held as follows:

> The step-two inquiry is a de minimis screening device to dispose of groundless claims. [citations omitted]. An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work." SSR 85-28, 1985 SSR LEXIS 19, at *6-7. Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two. See Bowen v. Yuckert, 482 U.S. at 158, 107 S.Ct. at 2300 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a "slight abnormality," the step-two requirement of "severe" is met, and the sequential

>   evaluation process should continue. See
>   Smolen v. Chater, 80 F.3d at 1290. Reasonable
>   doubts on severity are to be resolved in
>   favor of the claimant. FN5.
>
>> FN5. SSR 85-28, 1985 SSR LEXIS 19,
>> at *11-12, states that "[g]reat
>> care should be exercised in
>> applying the not severe impairment
>> concept. If an adjudicator is
>> unable to determine clearly the
>> effect of an impairment or
>> combination of impairments on the
>> individual's ability to do basic
>> work activities, the sequential
>> evaluation process should not end
>> with the not severe evaluation
>> step. Rather, it should be
>> continued."

The holding in Newell is quite similar to this court's earlier ruling in Prevot v. Astrue, Case No. 06-1149-MLB, 2007 WL 2176039 at *4 (May 30, 2007):

>   SSR 85-28 (Medical impairments that are not
>   severe) states the following:
>
>>   Great care should be exercised in
>>   applying the not severe impairment
>>   concept. If an adjudicator is
>>   unable to determine clearly the
>>   effect of an impairment or
>>   combination of impairments on the
>>   individual's ability to do basic
>>   work activities, the sequential
>>   evaluation process should not end
>>   with the not severe evaluation
>>   step. Rather, it should be
>>   continued.
>
>   1985 WL 56856 at *4.  The step two
>   requirement is generally considered a de
>   minimis screening device to dispose of
>   groundless claims; thus, reasonable doubts on
>   severity are to be resolved in favor of the
>   claimant.  Samuel v. Barnhart, 295 F. Supp.2d

7

926, 952 (E.D. Wis. 2003).

Upon remand, the Commissioner shall adhere to the above guidelines when making his step two determination.

For the reasons set forth above, the court recommends that defendant's motion to reverse the findings of the Commissioner and remand the case for further hearing should be granted. The case should be remanded for the reasons set forth in defendant's motion to remand, and for the additional reasons set forth in this opinion.

IT IS THEREFORE RECOMMENDED that defendant's motion (Doc. 19-20) be granted, that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on December 17, 2007.

> s/John Thomas Reid
> JOHN THOMAS REID
> United States Magistrate Judge